# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| WALSH ENGINEERING AND PRODUCTION CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, DAVID MCLEOD, TREVA (DIANE) MARTINEZ, AND GH WELLNESS, LLC,<br><br>    Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendants Colonial Life & Accident Insurance Company, David McLeod and Treva Martinez remove this action from the Eleventh Judicial District Court, San Juan County, New Mexico, to the United States District Court for the District of New Mexico, pursuant to 29 U.S.C. § 1132(a)(2) and 1132(e), 28 U.S.C. §§ 1331, 1441 and 1446 and D.N.M. LR-Civ. 81.1.

*Introduction.*

This Court has federal question jurisdiction because this is an action relating to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").

In recent depositions on June 2 and 3, 2021, Plaintiff Walsh Engineering's designated representatives testified pursuant to a Fed. R. Civ. P. 30(b)(6) deposition notice that a wellness plan from GH Wellness that was sold to them by

defendants David McLeod and Treva Martinez was integrally tied in with supplemental insurance products underwritten by defendant Colonial Life and Accident Insurance Company.  According to Plaintiff's witnesses, the GH Wellness Plan and the Colonial Life supplemental insurance products were inseparable and were part of a plan, fund, or program which was established by and thereafter maintained by Walsh Engineering with the assistance of defendants McLeod and Martinez, for the purpose of providing for its employees and their beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, or death.

ERISA applies to "any employee benefit plan" established or maintained by an employer.  29 U.S.C. § 1003(a).  Plaintiff Walsh Engineering's description of its plan meets the definition of an employee welfare benefit plan or welfare benefit plan under the ERISA statutory scheme.  See 29 U.S.C. §1002(1).

ERISA preempts Plaintiff's state law claims.

### *ERISA Preemption*

There are two types of ERISA preemption.  First, express preemption under 29 U.S.C. § 1144(a).  It applies to "[s]tate laws insofar as they . . . relate to any employee benefit plan".  Walsh Engineering's designated representatives confirmed that their state law claims against defendants relate to the employee benefit plan.  Second, conflict preemption under 29 U.S.C. § 1132(a).  Conflict preemption occurs where a state law's enforcement mechanism conflicts with ERISA's "comprehensive scheme of civil remedies." *Cleghorn v. Blue Shield of Cal.,* 408 F.3d 1222, 1225 (9th Cir. 2005).  If a state-law claim is preempted by

§1132's conflict preemption, it cannot be brought, "even if those causes of action would not necessarily be preempted by [§ 1144's express preemption]." *Id.*

To the extent Plaintiff has a remedy, it must be brought under 29 U.S.C. §1132. This Court has exclusive jurisdiction over claims made pursuant to 29 U.S.C. §§1132 (b) and (c).

### *This Court Has Subject Matter Jurisdiction.*

A cause of action filed in state court under ERISA is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Therefore, this Court has original federal jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

### *The Removal is Timely.*

This removal is timely. Plaintiff's representatives gave this deposition testimony on June 2 and 3, 2021. Defendants are removing the case within 30 days of the deposition testimony.

### *All Served Defendants Join In This Removal*

All served defendants remove this action. Plaintiff never served defendant GH Wellness; it has not appeared in the lawsuit.

### *Defendant Has Met All Other Requirements For Removal.*

Defendants attach a complete copy of the Eleventh Judicial District Court, San Juan County, record as Exhibit A and verify that Exhibit A constitutes a true and complete copy of all pleadings and other documents filed in the Eleventh Judicial District Court, San Juan County in this matter. Defendants also attach as Exhibit B hereto a copy of the Notice of Filing for Notice of Removal that is being filed with the Clerk of the Eleventh Judicial District Court, San Juan County, today.

### *Defendant Has Noticed The Eleventh Judicial District Court, San Juan County Clerk And Plaintiff.*

Defendants are filing a copy of this Notice of Removal with the Clerk of the Eleventh Judicial District Court, San Juan County, today pursuant to 28 U.S.C. §1446(d) and Local Rule of Civil Procedure 3.7(a).  Defendants are also providing Plaintiff with written notice of the filing of this Notice of Removal today through its counsel.

### *Conclusion.*

Defendants respectfully request this Court accept this Notice of Removal, assume jurisdiction of this case, and that all further proceedings be heard in this Court.

Dated:	June 17, 2021

| LEWIS ROCA ROTHGERBER CHRISTIE LLP | LAW OFFICE OF ALVIN R. GARCIA, LLC |
|---|---|
| By:*/s/ Stephen M. Bressler*<br>　Stephen M. Bressler<br>　SBressler@lewisroca.com<br>　Nicole G. True<br>　NTrue@lewisroca.com<br>　Adam T Reich *(pro hac vice in process)*<br>　AReich@lewisroca.com<br><br>201 East Washington Street, Suite 1200<br>Phoenix, AZ  85004<br>Telephone: 602.262.5311<br>Facsimile:  602.262.5747<br>*Attorneys for Defendant Colonial Life & Accident Insurance Company* | By:*/s/ Alvin R. Garcia*<br>　Alvin R. Garcia<br>　Alvin@agarcialaw.com<br><br>3620 Wyoming Blvd NE, Suite 205<br>Albuquerque, NM  87111<br>Telephone:  505.242.8888<br>Facsimile:  502.242.8890<br>*Attorneys for Defendants David McLeod and Treva Martinez* |

114674872.1