# EXHIBIT A

# EXHIBIT A

**D-1116-CV-202000826 - Wednesday, June 16, 2021**

# Walsh Engineering and Production Corporation

## v.

# Colonial Life & Accident Insurance Company, et. al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1116-CV-202000826 | Dalley, Bradford J. | 07/14/2020 | FARMINGTON/AZTEC  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | COLONIAL LIFE & ACCIDENT INSURANCE COMPANY |
| | ATTORNEY: TRUE NICOLE GREEN | | |
| | ATTORNEY: BRESSLER STEPHEN M. | | |
| D | Defendant | 2 | MCLEOD DAVID |
| | ATTORNEY: GARCIA ALVIN REY | | |
| D | Defendant | 3 | MARTINEZ TREVA DIANE |
| | ATTORNEY: GARCIA ALVIN REY | | |
| D | Defendant | 4 | GH WELLNESS, LLC |
| P | Plaintiff | 1 | WALSH ENGINEERING AND PRODUCTION CORPORATION |
| | ATTORNEY: ROEPKE KARL H. | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 07/14/2020 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Breach of Contract |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| | | |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 06/08/2021 | CERTIFICATE OF SERVICE | | D | 1 | |
| | Certificate of Service - Defendants 5th Request for Production | | | | |
| 04/20/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv Answers ROGG4 21-04-20 | | | | |
| 04/19/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv 21-04-19 2nd suppl answers | | | | |
| 04/15/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv 21-04-15 Ans Rogg3 | | | | |
| 03/18/2021 | CERTIFICATE OF SERVICE | | D | 1 | |
| | Certificate of Service (Discovery to Plaintiff) | | | | |
| 03/05/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv 21-03-05 Ans ROGG2 | | | | |
| 03/05/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv 21-03-05 First Suppl Ans Disc | | | | |
| 02/10/2021 | CERTIFICATE OF SERVICE | | D | 1 | |
| | Certificate of Service - Defendant's Discovery to Plaintiff | | | | |
| 01/28/2021 | CERTIFICATE OF SERVICE | | D | 1 | |
| | Certificate of Service - Discovery Requests to Plaintiff | | | | |
| 01/15/2021 | CERTIFICATE OF SERVICE | | | | |
| | Cert Serv 21-01-15 Answers to Discovery | | | | |
| 12/29/2020 | ANSWER | | D | 2 | |
| | Mcleod and Martinez answer | | | | |
| 12/29/2020 | ANSWER | | | | |
| | Defendants Answer to the Complaint | | | | |

**D-1116-CV-202000826 - Wednesday, June 16, 2021**

| | | | |
|---|---|---|---|
| 12/18/2020 | NTC: NOTICE | D | 1 |
| | Notice of Pro Hac Vice Admission | | |
| 11/23/2020 | CERTIFICATE OF SERVICE | D | 1 |
| | Certificate of Service | | |
| 11/02/2020 | RETURN OF SERVICE | | |
| | Return of Service - Martinez | | |
| 10/22/2020 | SUMMONS RETURN | | |
| | Return of Service McLeod | | |
| 08/31/2020 | JURY DEMAND 6 PERSON | | |
| | Jury Demand 20-08-31 | | |
| 08/26/2020 | ANSWER | D | 1 |
| | Colonial Life & Accident Insurance Company Answer to Plaintiff's Complaint | | |
| 07/20/2020 | | | |
| 07/16/2020 | JDG: NOTICE OF JUDGE ASSIGNMENT | | |
| | JUDGE GULREY RECUSED, JUDGE DALLEY ASSIGNED | | |
| 07/16/2020 | JDG: JUDGE RECUSAL | | |
| | Judge Curtis R Gurley recused | | |
| 07/14/2020 | OPN: COMPLAINT | | |
| | Complaint 20-07-14 | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 07/14/2020 | Gurley, Curtis R. | 1 | INITIAL ASSIGNMENT |
| 07/16/2020 | Dalley, Bradford J. | 2 | Judge Recused |

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
7/14/2020 12:03 PM
WELDON J. NEFF
CLERK OF THE COURT
Nancy Acosta

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                    **Plaintiff,**

**v.**                                            **No:**  D-1116-CV-2020-00826

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                         **Defendants.**

## COMPLAINT FOR BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, VIOLATION OF THE UNFAIR INSURANCE PRACTICES ACT AND VIOLATION OF THE UNFAIR PRACTICES ACT

COMES NOW, Walsh Engineering and Production Corporation (hereinafter "Walsh"), by and through its attorney, Roepke Law Firm, llc, and for its Complaint For Breach of Contract, Insurance Bad Faith, and Violations Of The Unfair Practices Act, states as follows:

1.  Plaintiff, Walsh is a New Mexico Corporation doing business in New Mexico, with its main office in Farmington, New Mexico.

2.  Defendant, Colonial Life & Accidental Insurance Company (hereinafter "Colonial") is a foreign corporation doing business in New Mexico, offering insurance services.

3.   Defendant David McLeod (hereinafter "McLeod"), is an individual residing in and holding himself out as a resident of Albuquerque, Bernalillo County, New

1

Mexico.  Defendant McLeod also holds himself out as a District General Manager for Colonial.  (See exhibit #1).

4. Defendant Treva (Diane) Martinez (hereinafter "Martinez"), is an individual residing in New Mexico.  Martinez also holds herself out as an agent for Colonial. (See Exhibit #2).

5. GH Wellness, LLC is a foreign corporation doing business in New Mexico, offering insurance products through insurance agents.

6. Jurisdiction and Venue are proper in this Court.

## General Allegations

7. In 2016, Defendants, McLeod and Martinez, as agents for Colonial, solicited insurance business from Plaintiffs.

8. McLeod held himself to be a District General Manager for Colonial, with his office located at 9201 Montgomery Blvd. NE, Bldg 1, Suite 11, Albuquerque, NM  87111, and providing his cell phone number as (325) 660-1066.

9. McLeod used two separate email addresses to communicate with Walsh, including dmc.masada@gmail.com and David.Mcleod@ColonialLife.com.

10. Martinez held herself to be an agent of Colonial, providing the following contact telephone number, (505) 210-4996.

11. Martinez used two separate email addresses to communicate with Walsh, including trevadmartinez@gmail.com and Treva.Martinez@ColonialLife.com.

12. Defendants, McLeod and Martinez, were the primary contacts for the insurance at issue in this matter.

13. In their presentation, McLeod and Martinez explained their insurance product to provide an employee wellness program, which was to set up as a cafeteria plan with the billing control number of E4480562.

14. Both McLeod and Martinez produced an insurance wellness plan offered under the name of GH Wellness and also Wealth Administrators.

15. McLeod and Martinez led Plaintiff to believe that GH Wellness and also Wealth Administrators were part of Colonial.

16. As stated by both McLeod and Martinez, the plan was to provide the necessary insurance coverage but also a tax savings component.

17. To support their sales pitch and to close a sale, they provided two different legal opinions stating that such a plan was compliant with the necessary laws.

18. As part of their service, McLeod and Martinez agreed to set up the company payroll system that would make sure that Walsh would be in compliance and reap the tax savings health insurance benefits.

19. In reliance on their statements and claims, and depending on their statements that such a plan was compliant with all necessary laws, Walsh entered into an agreement to purchase the insurance.

20. Subsequent to participating in the plan, in early 2020, Walsh was audited by the Internal Revenue Service and at this time Walsh was informed that the plan that was touted as a legal product was in fact an illegal scheme sold by Defendants through their agents, McLeod and Martinez.

21. As a result of the audit, Walsh and its employees had been under-reporting their income and taxes due to the false tax savings that McLeod and Martinez, as

3

agents for Colonial, raved about in convincing Walsh to purchase the insurance plan.

22. As a direct result of the illegal scheme sold by McLeod and Martinez as agents for Colonial, Walsh has incurred significant damages to be determined at trial.

23. Walsh had purchased insurance products from Colonial previous to the insurance at issue in this matter.

24. The power given to McLeod and Martinez by Colonial imparted an extraordinary power which aided McLeod and Martinez to commit the acts complained of herein.

25. The existence of Colonial's and McLeod's and Martinez' relationship aided McLeod and Martinez to commit the acts complained of herein.

26. Colonial is vicariously liable for the acts and omissions of McLeod and Martinez.

27. Walsh attempted to resolve this matter with Colonial and McLeod, however, Colonial refused to accept any liability for the actions of its agent and McLeod ignored any attempted communications made to him.

## <u>COUNT I: BREACH OF CONTRACT</u>

28. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

29. As insurance agents and/or brokers, Defendants, McLeod and Martinez, are responsible for helping organizations select and procure insurance coverage that provides the best protection for their operations and property.

30. As insurance agents and/or brokers, Defendants, McLeod and Martinez are responsible for helping organizations select and procure insurance coverage that is

fully compliant with the laws which the policy provides coverage as well as both Federal and State tax laws.

31. Defendant, Colonial's employment of Defendants McLeod and Martinez as insurance agents and/or brokers would lead a reasonably prudent third party to believe that Defendants McLeod and Martinez possessed authority to bind Defendant Colonial and GH Wellness in a contract for insurance that complied with New Mexico law as well as Federal and State tax laws.

32. Defendants, McLeod and Martinez, as agents for Colonial, contracted with Plaintiff to procure insurance coverage for Plaintiffs.

33. Defendants had a duty to procure insurance coverage for Plaintiff that fully complied with New Mexico law as well as Federal and State tax laws.

34. The Policy procured by Defendants for Plaintiff violated Federal tax law.

35. Defendants' failure to procure an insurance policy for Plaintiffs that fully complied with Federal tax law constitutes a material breach of the contract between the Plaintiff and Defendants.

36. As a direct and proximate cause of Defendants' breach, Plaintiff has suffered damages.

37. Defendants' failure has been willful, wanton, and in reckless disregard of Plaintiff's interests and rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount to be determined at trial, including but not limited to compensatory and punitive damages, attorney fees, and any other relief the Court deems just and proper.

## COUNT II: BREACH OF THE COVENANT
## OF GOOD FAITH AND FAIR DEALING

38. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

39. Defendants, without regard for the rights of Plaintiff, unreasonably breached their duty of good faith and fair dealing owed to Plaintiff, including but not limited to; a) by failing to procure an insurance policy for Plaintiff that complied with the Federal tax laws; b) by failing to inform Plaintiff that the Policy failed to conform to Federal tax law.

40. As a direct and proximate cause of Defendants' breach of their duty of good faith and fair dealing, Plaintiff has suffered damages.

41. Defendants' actions have been willful, wanton, and in reckless disregard of Plaintiff's interests and rights entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests judgment against Defendants in amounts to be determined at trial, actual and consequential damages, punitive damages, pre and post judgment interest and attorney's fees and costs.

## COUNT III. VIOLATION OF THE UNFAIR INSURANCE PRACTICES ACT

42. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

43. Plaintiff brings this Count III pursuant to NMSA 1978, Section 59A-16-30.

6

44.     Defendants' actions in representing to Plaintiff that they would procure a policy that complies with Federal tax law violates the New Mexico Insurance Code including, but not limited to: NMSA 1978, Section 58A-16-4 and Section 59A-16-23.

45.     As a direct and proximate cause of the Defendants' representations to Plaintiff, their actions in procuring an insurance policy for Plaintiff that failed to comply with Federal tax law, Plaintiff has suffered economic loss in the form of fees, tax penalties and costs of litigation over coverage under the Policy.

46.     Defendants' conduct was willful, wanton, malicious, and in reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount to be determined at trial, including but not limited to, compensatory damages, consequential damages, attorneys' fees, and punitive damages and for any other relief the Court deems proper.

## COUNT IV: VIOLATION OF THE UNFAIR PRACTICES ACT

47.     Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

48.     The Defendants are in violation of the Unfair Practices Act that is set forth in NMSA 1978, Sections 57-12-1 *et seq.*, through their unfair or deceptive trade practices and unconscionable trade practices.

49.     Defendants' violations of the Unfair Practices Act include, but are not limited to, violations of the following sections of the act:

    a.  NMSA 1978, § 57-12-2 (D)(3);

    b.  NMSA 1978, § 57-12-2 (D)(5);

7

    c.    NMSA 1978, § 57-12-2 (D)(14);

    d.    NMSA 1978, § 57-12-2 (D)(15);

    e.    NMSA 1978, § 57-12-2 (D)(17); and

    f.    NMSA 1978, § 57-12-2(E).

50.    As a direct and proximate cause of the Defendants' actions in procuring an insurance policy for Plaintiff that failed to comply with Federal tax law, the Plaintiff has suffered economic loss in the form of actual damages, consequential damages, and attorney's fees and costs.

51.    Defendants' conduct was willful, wanton, malicious, and in reckless disregard for the rights of the Plaintiff.

52.    Plaintiff is entitled to attorney fees pursuant to NMSA 1978, § 57-12-10(C).

53.    Defendants' actions in violating the Unfair Practices Act have been willful and they are therefore liable for treble damages as provided for in the NMSA 1978, § 57-12-10(B).

WHEREFORE, Plaintiff prays for judgment against the Defendants in an amount to be determined by the trier of fact, including but not limited to, actual damages, treble damages, consequential damages, punitive damages, and for any other relief the Court deems just and proper.

.

        Respectfully submitted,

                /s/ Karl H. Roepke, attorney at law
                Karl H. Roepke
                Roepke Law Firm, llc
                2501 San Pedro NE Ste. 205

Albuquerque, NM 87110
(505) 323-0515 ph
*Attorneys for Plaintiff*

**Linked** in                                    Join now    Sign in

David McLeod



# David McLeod

District General Manager at Colonial Life

Albuquerque, New Mexico · 147 connections

Join to Connect

⸺ Colonial Life

## Experience

**Colonial Life**
25 years 1 month

**District Manager**
May 1995 – Present · 25 years 1 month
Albuquerque, New Mexico Area

**District General Manager**
May 1995 – Present · 25 years 1 month
Albuquerque, New Mexico Area
I am charged with growing sales and sales team
Colonial Life is making benefits count for workir
providing insurance benefits for employees. We
in the workplace and it's our specialty.

### You're signed out ✕

Sign in for the full experience

Sign in

Join now

**EXHIBIT**

**1**

 **Linked** in                                          Join now   | Sign in |

Treva Martinez



# Treva Martinez                                    — Colonial Life

Agent at Colonial Life

Rio Rancho, New Mexico · 0 connections

Join to Connect

---

# Experience

**Agent**
Colonial Life

---

## View Treva Martinez's full profile to     | **You're signed out**   ✕

✓ See who you know in common                  Sign in for the full experience

✓ Get introduced

✓ Contact Treva directly                                  Sign in

| Join to view full profile |                        | Join now |



EXHIBIT
2

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
7/16/2020 2:04 PM
WELDON J. NEFF
CLERK OF THE COURT
Jennifer Dean

**STATE OF NEW MEXICO**
**SAN JUAN COUNTY**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING AND PRODUCTION CORPORATION**
**V.**
**COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, ET. AL.**          **No. D-1116-CV-2020-00826**

### NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Bradford J. Dalley, District Judge, Eleventh Judicial District.  This reassignment is effective 7/16/2020.

WELDON J. NEFF
CLERK OF THE DISTRICT COURT

By: _____
       JENNIFER DEAN
       CLERK

### CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of San Juan County, New Mexico, do hereby certify that I served a copy of this document to all parties listed below on 7/16/2020.

Karl H. Roepke                                VIA FILE AND SERVE
Colonial Life & Accident Insurance Company    No Known Address
David McLeod                                  No Known Address
Treva Diane Martinez                          No Known Address
GH Wellness, LLC                              No Known Address

By: _____

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
7/16/2020 1:54 PM
WELDON J. NEFF
CLERK OF THE COURT
Jennifer Dean

**STATE OF NEW MEXICO**
**SAN JUAN COUNTY**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING AND PRODUCTION CORPORATION**
 **V.**
**COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, ET.**
**AL.**                                              **No. D-1116-CV-2020-00826**

## ORDER OF RECUSAL

I, Curtis R. Gurley, District Judge of the Eleventh Judicial District Court of the State of New Mexico, for

good cause, hereby recuse myself from presiding in the above-entitled and numbered case.

_____

THE HONORABLE CURTIS R. GURLEY
DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of San Juan County, New Mexico, do hereby certify

that I served a copy of this document to all parties listed below on 7/16/2020.

| | |
|---|---|
| Karl H. Roepke | Roepke Law Firm LLC |
| | 2501 San Pedro NE Suite 205 |
| | Albuquerque NM  87110 |
| Colonial Life & Accident Insurance Company | No Known Address |
| David McLeod | No Known Address |
| Treva Diane Martinez | No Known Address |
| GH Wellness, LLC | No Known Address |

By: _____

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
8/26/2020 12:37 PM
WELDON J. NEFF
CLERK OF THE COURT
Andrea Teran

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

        Plaintiff,

    v.

                          Case No. D-1116-CV-2020-00826

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

        Defendants.

## COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Colonial Life & Accident Insurance Company answers Plaintiff's Complaint.

1.      Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1.

2.      Colonial Life admits it is a foreign corporation doing business in New Mexico. The allegation that it offers insurance services is vague and ambiguous; therefore, Colonial Life denies it.

3.      Colonial Life is without knowledge or information as to how David McLeod holds himself out.  It admits he was an independent District General Agent licensed to sell Colonial Life insurance products.  It denies that the GH Wellness program is one of its products.

4.      Colonial Life is without knowledge or information as to how Treva Martinez held herself out.  It admits she was an independent insurance agent licensed to sell Colonial Life insurance products.  It denies that the GH Wellness program is one of its products.

112040713.1

5.      Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5.

6.      Colonial Life does not dispute jurisdiction and venue.

## General Allegations

7.      Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 7.

8.      Colonial Life is without knowledge or information as to how David McLeod holds himself out.  It admits he was an independent District General Agent licensed to sell Colonial Life insurance products.  It denies that the GH Wellness program is one of its products.

9.      Colonial Life admits that Mr. McLeod had a Colonial Life email address.  It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10.      Colonial Life is without knowledge or information as to how Treva Martinez held herself out.  It admits she was an independent insurance agent licensed to sell Colonial Life insurance products.  It denies that the GH Wellness program is one of its products.

11.      Colonial Life admits that Ms. Martinez had a Colonial Life email address.  It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12.      Colonial Life denies that insurance is at issue in this matter.  It further denies the allegations in Paragraph 12.

13.      Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

112040713.1

14.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Colonial Life denies the allegations in Paragraph 15.

16.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17,

18.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.  Colonial Life denies the allegation that it sold the GH Wellness program.

21.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.  It denies that Mr. McLeod and Ms. Martinez were acting as its agents when presenting the GH Wellness program from GH Wellness LLC.

22.     Colonial Life is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.  It denies that Mr. McLeod and Ms. Martinez were acting as its agents when presenting the GH Wellness program from GH Wellness LLC.

23.     Colonial Life admits that Walsh employees purchased Colonial Life insurance policies in 2015, 2016 and 2018.  Colonial Life denies the GH Wellness program as one of its products.

112040713.1

24.     Colonial Life denies the allegations in Paragraph 24 of the Complaint.

25.     Colonial Life denies the allegations in Paragraph 25 of the Complaint.

26.     Colonial Life denies the allegations in Paragraph 26 of the Complaint.

27.     Colonial Life admits that Walsh contacted it regarding the GH Wellness program. Colonial Life alleges that the GH Wellness program was not its product.

## COUNT I:  ALLEGED BREACH OF CONTRACT

28.     Colonial Life incorporates its responses in Paragraphs 1-27 above.

29.     This allegation is not directed to Colonial Life and therefore no response is required.  To the extent the allegation is directed to it, Colonial Life responds that the GH Wellness program was not its product and it had no duties to Plaintiff.

30.     This allegation is not directed to Colonial Life and therefore no response is required.  To the extent the allegation is directed to it, Colonial Life responds that the GH Wellness program was not its product and it had no duties to Plaintiff.

31.     Colonial Life denies the allegations in Paragraph 31 of the Complaint.

32.     Colonial Life denies the allegations in Paragraph 32 of the Complaint.

33.     Colonial Life admits that it owes duties consistent with applicable law.  Colonial Life denies that the GH Wellness program was its product and that it owed Plaintiff any duties with regard to it.

34.     Colonial Life denies that the GH Wellness program was its product.  The remaining allegations in Paragraph 34 state a conclusion of law to which no response is required. To the extent a response is required, Colonial Life denies the remaining allegations in Paragraph 34 of the Complaint.

35.     Colonial Life denies the allegations in Paragraph 35 of the Complaint.

36.    Colonial Life denies the allegations in Paragraph 36 of the Complaint.

37.    Colonial Life denies the allegations in Paragraph 37 of the Complaint.

## COUNT II:  ALLEGED BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

38.    Colonial Life incorporates its responses in Paragraphs 1-37 above.

39.    Colonial Life denies the allegations in Paragraph 39 of the Complaint.

40.    Colonial Life denies the allegations in Paragraph 40 of the Complaint.

41.    Colonial Life denies the allegations in Paragraph 41 of the Complaint.

## COUNT III:  ALLEGED VIOLATION OF THE UNFAIR INSURANCE PRACTICES ACT

42.    Colonial Life incorporates its responses in Paragraphs 1-41 above.

43.    Colonial Life admits that plaintiff purports to make an allegation under NMSA 1978, Section 59A-16-30.

44.    Colonial Life denies the allegations in Paragraph 44 of the Complaint.

45.    Colonial Life denies the allegations in Paragraph 45 of the Complaint.

46.    Colonial Life denies the allegations in Paragraph 46 of the Complaint.

## COUNT IV:  ALLEGED VIOLATION OF THE UNFAIR PRACTICES ACT

47.    Colonial Life incorporates its responses in Paragraphs 1-46 above.

48.    Colonial Life denies the allegations in Paragraph 48 of the Complaint.

49.    Colonial Life denies the allegations in Paragraph 49 of the Complaint.

50.    Colonial Life denies the allegations in Paragraph 50 of the Complaint.

51.    Colonial Life denies the allegations in Paragraph 51 of the Complaint.

52.    Colonial Life denies the allegations in Paragraph 52 of the Complaint.

53.    Colonial Life denies the allegations in Paragraph 53 of the Complaint.

112040713.1

**GENERAL DENIAL**

54.     Colonial Life denies each and every allegation in Plaintiff's Complaint to which it did not specifically respond in this Answer.

**<u>AFFIRMATIVE DEFENSES</u>**

55.     The plaintiff's Complaint fails to state a claim upon which relief can be granted.

56.     Colonial Life does not waive any affirmative defenses.  If information comes to light that gives rise to further affirmative defenses, Colonial Life will seek leave of the Court to amend its Answer accordingly.

WHEREFORE, Colonial Life requests that the plaintiff take nothing by its Complaint, that it be dismissed with prejudice, that Colonial Life is awarded its attorneys' fees and costs, and that the Court award Colonial Life any other relief that deems just and equitable.

Dated: August 26, 2020                    LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                          By: /s/ Nicole G. True
                                              Nicole G. True, Bar No. 152093
                                              NTrue@lrrc.com

                                          201 East Washington Street, Suite 1200
                                          Phoenix, AZ  85004
                                          Telephone:   602.262.5311
                                          Facsimile:    602.262.5747
                                          Attorneys for Defendant Colonial Life & Accident
                                          Insurance Company

112040713.1

I hereby certify that on August 26, 2020,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*


/s/ Nicole G. True
Nicole G. True

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
8/31/2020 1:48 PM
WELDON J. NEFF
CLERK OF THE COURT
Charlene Henry

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                    **Plaintiff,**

**v.**                                        **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                    **Defendants.**

_____

### JURY DEMAND

COMES NOW, the Plaintiff/Petitioner, Walsh Engineering and Production Corporation,

by and through his attorney, Roepke Law Firm, llc (Karl H. Roepke), and for his Jury Demand,

states as follows:

1.  Pursuant to the Rules of Civil Procedure for the District Courts (1-038),

    Plaintiff/Petitioner, Walsh Engineering and Production Corporation, hereby

    respectfully demands a Trial by Jury (six person), in all matters, issues and counts, in

    the above captioned case.

Respectfully Submitted,

*ROEPKE LAW FIRM, llc*

/s/ Karl H. Roepke, attorney at law

Karl H. Roepke
Attorney for Petitioner
2501 San Pedro N.E. Ste. 205
Albuquerque, N.M. 87110
505-323-0515
khr@roepkelaw.com

I certify that a copy of the
foregoing was emailed to:


LEWIS ROCA ROTHGERBER CHRISTIE LLP
Nicole G. True
NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004
Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company


on the 31st day of August, 2020.



/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
10/22/2020 3:00 PM
WELDON J. NEFF
CLERK OF THE COURT
Ashley Lucero

| AMENDED SUMMONS | |
|---|---|
| District Court: ELEVENTH JUDICIAL<br>San Juan County,  New Mexico<br>Court Address:<br>103 S. Oliver Dr<br>Aztec, New Mexico  87401<br>Court Telephone No.: 505-334-6151 | Case Number: D-1116-CV-2020-~~00286~~<br>00826<br><br>Assigned Judge: ~~Gurley, Curtis R.~~<br><br>Bradford J. Dalley |
| Plaintiff(s): Walsh Engineering and<br>Production Corporation,<br>v.<br>Defendant(s):  Colonial  Life  &  Accident<br>Insurance Company,  David  McLeod,  Treva<br>(Diane) Martinez  and GH Wellness, LLC | Defendant:<br>Name: David McLeod<br>Address: ~~c/o Office of Superintendent~~<br>~~P.O. Box 1689~~<br>~~Santa Fe, NM 87504-1689~~<br>409 NM Hwy 528NE<br>Rio Rancho, NM 87124 |

**TO THE ABOVE NAMED DEFENDANT(S)**:  Take notice that

1. A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2. You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3. You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5. You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6. If you need an interpreter, you must ask for one in writing.

7. You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____Farmington_____, New Mexico, this 20th day of ___July___, 2020.

WELDON J NEFF
CLERK OF DISTRICT COURT

_____
Deputy

/s/ Karl H. Roepke, attorney at law
Signature of Attorney for Plaintiff/Pro Se Party
Name: Roepke Law Firm, llc
Address: 2501 San Pedro NE Ste 205,
Albuquerque, NM 87110
Telephone No.: 505-323-0515
Fax No.: 505-883-3239
Email Address: khr@roepkelaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO )
                      )ss
COUNTY OF SANDOVAL )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Sandoval county on the 22 day of October, 2020 by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[X]    to Bill Stewart, AIF, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at
409 NM Hwy 528, Rio Rancho NM, 87124 (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at same as business (*insert defendant's last known mailing address*).

[ ]    to _____, an agent authorized to receive service of process for defendant _____.

[ ]    to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: 50.00 _____

_(signature)_

Signature of person making service

Title (*if any*)

Subscribed and sworn to before me this 22 day of October , 2020

_(signature)_

Judge, notary or other officer
authorized to administer oaths

Notary

Official title

OFFICIAL SEAL
**Marcus Martinez**
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires 8/18/21



**Colonial Life.**
INDEPENDENT AGENT

**David McLeod, LUTCF**
District Sales Manager

409 NM Hwy 528 NE
Rio Rancho, NM 87124

c 325.660.1066
o 505.892.3300
f 505.892.3400

david.mcleod@coloniallifesales.com



ColonialLife.com

Injury | Illness | Dental | Vision | Life

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
11/2/2020 10:36 AM
WELDON J. NEFF
CLERK OF THE COURT
Charlene Henry

| **AMENDED SUMMONS** | |
|---|---|
| District Court: ELEVENTH JUDICIAL<br>San Juan County,  New Mexico<br>Court Address:<br>103 S. Oliver Dr<br>Aztec, New Mexico  87401<br>Court Telephone No.: 505-334-6151 | Case Number: D-1116-CV-2020-00826<br><br>Assigned Judge: ~~Gurley, Curtis R.~~<br><br>Bradford J. Dalley |
| Plaintiff(s): Walsh Engineering and<br>Production Corporation,<br>v.<br>Defendant(s):  Colonial  Life  &  Accident<br>Insurance  Company,  David  McLeod,  Treva<br>(Diane) Martinez  and GH Wellness, LLC | Defendant:<br>Name: Treva (Diane) Martinez<br>Address: c/o Office of Superintendent<br>P.O. Box 1689<br>Santa Fe, NM 87504-1689 |

### TO THE ABOVE NAMED DEFENDANT(S):  Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at  Farmington                    , New Mexico, this 20th day of  July        , 2020.

WELDON J NEFF
CLERK OF DISTRICT COURT

By: _____          /s/ Karl H. Roepke, attorney at law
        Deputy                                              Signature of Attorney for Plaintiff/Pro Se Party
                                                                Name: Roepke Law Firm, llc
                                                                Address: 2501 San Pedro NE Ste 205,
                                                                Albuquerque, NM 87110
                                                                Telephone No.: 505-323-0515
                                                                Fax No.: 505-883-3239
                                                                Email Address: khr@roepkelaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN

STATE OF NEW MEXICO )
                     )ss
COUNTY OF *San Juan* )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *San Juan* county on the *30th* day of *October 2020*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[X]  to the defendant *Treva Diene Martinez* (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]  to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]  to _____, an agent authorized to receive service of process for defendant _____.

[ ]  to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]  to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: *$45.00*_____

_____
Signature of person making service

Process Server
_____
Title (*if any*)

Subscribed and sworn to before me this 30th day of _October_, 2020

_____
Judge, notary or other officer
authorized to administer oaths

Notary       My Commission Expires: 7/27/22
Official title

OFFICIAL SEAL
BELINDA JOHN
NOTARY PUBLIC - STATE OF NEW MEXICO
My commission expires 07-27-2022

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
11/23/2020 3:33 PM
WELDON J. NEFF
CLERK OF THE COURT
Ashley Lucero

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

        Plaintiff,

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

        Defendants.

Case No. D-1116-CV-2020-00826

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of Defendant's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff were served via email upon Plaintiff Walsh Engineering and Production Corporation.

Dated: November 23, 2020

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicole G. True*
    Nicole G. True, Bar No. 152093
    NTrue@lrrc.com

201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602.262.5311
Facsimile:    602.262.5747

Attorneys for Defendant

- 1 -

I hereby certify that on November 23, 2020,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*


*/s/ Nicole G. True*
Nicole G. True

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
12/18/2020 4:54 PM
WELDON J. NEFF
CLERK OF THE COURT
Andrea Teran

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

            Plaintiff,

     v.                                            Case No. D-1116-CV-2020-00826

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

            Defendants.

## NOTICE OF PRO HAC VICE ADMISSION

Defendant Colonial Life & Accident Insurance Company gives notice that Stephen M.

Bressler of Lewis Roca Rothgerber Christie LLP has been granted pro hac vice status by the

State Bar of New Mexico.  It has attached Mr. Bressler's Affidavit of Non-Admitted Lawyer.

Dated: December 18, 2020              LEWIS ROCA ROTHGERBER CHRISTIE LLP


                                      By: /s/ Nicole G. True
                                          Nicole G. True, Bar No. 152093
                                          NTrue@lrrc.com

                                      201 East Washington Street, Suite 1200
                                      Phoenix, AZ  85004
                                      Telephone:   602.262.5311
                                      Facsimile:    602.262.5747

                                      Attorneys for Defendant

113093066.1

I certify that on December 18, 2020,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*


/s/ Nicole G. True
Nicole G. True

113093066.1

STATE OF NEW MEXICO
__San Juan_____COUNTY
__Eleventh_____JUDICIAL DISTRICT

Walsh Engineering and Production Corp.                    No. D-1116-CV-2020-00826

v.

_Colonial Life & Accident Ins. Co., et al

## AFFIDAVIT OF NON-ADMITTED LAWYER

STATE OF __Arizona_____)
                                                        )
COUNTY OF __Maricopa_____)

_Stephen M. Bressler_____, (Non-admitted Lawyer) the affiant herein, having been
duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in
   __Arizona_____ (state, territory, country).

2. Affiant has complied with Rule 24-106 NMRA.

3. Affiant has associated with __Nicole G. True_____, counsel licensed to practice
   law in good standing in New Mexico.

_Stephen M. Bressler_____, Affiant, being first duly sworn, states upon oath, that all of
the representations in this affidavit are true as far as affiant knows or is informed, and
that such affidavit is true, accurate and complete to the best of affiant's knowledge and
belief.

DATED: _December 18_____, 20 20 .

                                                        _____
                                                        Affiant

SUBSCRIBED AND SWORN TO before me this 18th day of __December____, 02020

                                                        _____
                                                        NOTARY PUBLIC

My commission expires:

__1/5/2022_____

MONICA L. SWITZER
Notary Public - State of Arizona
PINAL COUNTY
My Commission Expires
January 05, 2022

Notarized in Maricopa County

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
    **Plaintiff,**

**v.**                                **D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
    **Defendants.**

## DEFENDANTS' DAVID MCLEOD AND TREVA MARTINEZ ANSWER TO

## COMPLAINT

COMES NOW, the Defendants David Mcleod and Treva Martinez, by and through the

Law Office of Alvin R. Garcia, LLC. (Alvin R. Garcia, Esq.) submits Defendants' David

Mcleod and Treva Martinez Answer to Complaint as follows:

1. Regarding paragraph 1 Defendants admit that Plaintiff is a NM Corporation.

2. Defendants admit that Defendant Colonial Life and Accidental Insurance Company

   ("Colonial") is a Foreign Corporation doing business in New Mexico.

3. Regarding allegations in paragraph 3 those allegations as to residency are denied as

   David Mcleod is a resident of Sandoval County New Mexico and his designation with

   Defendant Colonial is a "District General Agent".

4. Regarding the allegations in paragraph 4 it is admitted that Ms. Martinez is a resident of

   New Mexico and is a Sales representative for Colonial.

5. Regarding allegations in paragraph 5 GH Wellness LLC. is reported online as now

   dissolved but was apparently a Texas LLC and thus a foreign corporate entity.

1

6.  Regarding paragraph 6  allegations concerning the jurisdiction and venue of this court

    Defendants deny that this court has jurisdiction or venue as the contract between

    Defendant GH Wellness and Plaintiff states at paragraph 14(B):

    B. "Governing law.
    This agreement shall be governed by and construed in accordance with the laws of the
    state of Texas to the extent they are not preempted by Federal Law. All services
    performed by Company are deemed performed in Dallas County Texas." See Exhibit A
    contract titled Master Service Agreement."

7.   Paragraph 7  is denied in that  the Defendants entered into a business relationship and

    contract in 2015 See exhibit A Master Service Agreement. Further Defendants Martinez

    and Mcleod deny that they were solely acting on behalf of Colonial but rather were also

    separately representing GH Wellness in their interactions concerning the GH Wellness

    Master Agreement and not as agents of Colonial.

8.  Regarding paragraph 8  Defendants admit the allegations but  state that the office location

    changed and is no longer on Montgomery in Albuquerque NM.

9.  Regarding the allegations in paragraph 9 Defendant Mcleod used the Gmail address

    exclusively for business related to GH Wellness and exclusively used the David.

    Mcleod@Coloniallife.com email address exclusively for business related to the business

    relationship with Defendant Colonial.

10.  Allegations in paragraph 10 are admitted.

11.  With regard to the allegations in paragraph 11 Treva Martinez used the

    trevamartinez@gmail.com address exclusively for communications regarding GH

    Wellness and used the Treva.Martinez@coloniallife.com email address for business

    related to Colonial.

12.  Regarding the allegations in Paragraph 12  the allegations are vague, and need clarification as Defendant s Mcleod and Martinez role was limited to sales and enrollment. They did not administer the operations of the contracts the various insurance companies were responsible for the implementation and operation of the provisions of their respective insurance contracts.

13.  Regarding  the allegations in paragraph 13  the allegation are vague, mischaracterize and conflate the terms  "insurance products", "employee wellness program" and "Cafeteria Plan". The billing control number for the Colonial insurance relationship is accurate. The GH Wellness program was administered from Texas and was not related to Colonial. Thus the Defendants demand clarification, strict proof and admit in part but deny in part the allegations in paragraph 13.

14. Regarding the allegations in paragraph 14 the allegations are vague and mischaracterize the employee wellness plan as an "insurance" product. GH Wellness from Texas and Wealth Administrators contract was with a company based in Arizona. Neither company are related to Colonial nor were they represented to have any relationship to Colonial or their insurance products. Upon information and belief, Plaintiff Walsh would get billed monthly for Defendant GH  Wellness Products. Biling came from GH Wellness directly from their Texas offices. Defendant Mcleod  was not a "primary" contact  for GH Wellness nor was Defendant Treva Martinez. Neither Martinez nor Mcleod were parties to the contracts between GH Wellness and the Plaintiff.  Neither Mcleod nor Martinez were paid any sort of commission fees, or monetary remuneration of any sort from the contract between GH Wellness and the Plaintiff.

15.  Regarding the allegations in paragraph 15, those statements are denied as they are false and disputed. Wealth Administrators was not named as a party and there may be a failure to name indispensable parties.

16.  Regarding the allegations in paragraph 16 the statement mischaracterizes communications and conflates 2 separate and different items. Namely the insurance coverage afforded by the colonial insurance company and the tax savings realized through proper implementation of the GH Wellness program. These were separate programs separate contracts, separate companies and were not combined by Defendants Mcleod or Martinez. The allegations are denied.  Plaintiff's employee Karen Mills was specifically  admonished to not confuse the separate companies by Defendant Mcleod.

17. Regarding paragraph 17  the allegations are vague, mischaracterize and misstate the elements of a many years long business relationship and ignores the stated disclaimers in which Defendants expressed their limited role. The allegations ignore the fact that Defendants Mcleod stated that they were not tax accountants or legal experts. Texas Legal opinions were not provided until the time of contract renewal and not at the initial sales presentations.

18. The allegations in paragraph 18 are denied.

19.  With regard to the allegations in paragraph 19 Defendants demand strict proof  and those allegations are denied.

20.  With regard to paragraphs 20, 21, Defendants have no information., demand strict proof and thus  deny those allegations.

21. Defendants reserve the right to assert any cross claim  or 3rd party claim against any codefendant, known or unknown tax professionals or employees of the Plaintiff  who

gave erroneous, slanderous or defamatory information which improperly resulted in blame for tax problems being placed upon Defendants Treva and Mcleod.

22.  With regard to paragraph 22 The Defendants deny that any of the insurance plans or products sold by them was illegal.

23.  Regarding paragraph 23  Vague no date or other specific information about the alleged previous purchase of colonial products is provided  and while it is admitted that a separate relationship with Colonial entered into the statement in paragraph 23 is vague, defendants demand strict proof and thus it is denied.

24.   Regarding paragraphs 24 and 25 the statements are vague fail to specify which "extraordinary powers" and which "acts complained of" caused any of the alleged damages and claims made herein. Thus the statements fail to make any allegation upon which relief could be granted, are denied and should be dismissed.

25.  Regarding paragraph 26 the allegations are denied as there is no agency or relationship between the Colonial products sold and the GH Wellness program. Those are separate unrelated insurance companies, separate contracts and products. No cause of action, legal doctrine,  or other statute supports the theory of "vicarious liability" of the Defendant Colonial is stated. Thus no relief is available and the allegations of vicarious liability should be dismissed.

26.  Defendants Mcleod and Martinez demand strict proof as to the allegations in paragraph 27, state that there was nothing to resolve as the GH Wellness issues were not Colonial Insurance company issues. Those were separate companies and separate products. The allegations in paragraph 27 are denied.

27.  Regarding the allegations  as stated in paragraphs 29 and 30 the allegations state legal conclusions requiring no response, misstate the obligations, duties and scope of the responsibilities of the Defendants Mcleod and Martinez and are denied.

28. The allegations in paragraph 31 are denied.

29. The allegations in paragraph 32 are admitted.

30.  The allegations in paragraph 33 state legal conclusions without reference to any authority for the assertions made. Those allegations are thus vague, confusing, misstate facts, qualifications of the parties and are denied.

31.  The allegations in paragraph 34 are a legal conclusion made without citation to any source of law and are denied.

32.  Paragraph 35 refers to a contract without actually attaching the contract or referencing which part of the contract created the obligations that were allegedly breached. The allegations in the Complaint thus fail to comply with  Rule NMRA 1-009. The legal conclusions stated in paragraph 35 are denied.

33.  Defendants Mcleod and Martinez deny the allegations of any breach of contract in paragraph 36 and have no knowledge of any damages. Paragraph 11provides indemnification and limitations on liability and damages in favor of the Defendants Mcleod and Martinez. See Exhibit A paragraph 11.

34. Regarding the allegations in paragraph 37 those allegations are denied. Further the contract at issue specifically contains a limitation of liability and at paragraph 11(C) states:

C. LIMITATION OF LIABILITY.
IN NO EVENT SHALL EITHER PARTY BE
LIABLE TO THE OTHER PARTY FOR ANY SPECIAL, INDIRECT, PUNITIVE,
INCIDENTAL OR CONSEQUENTIAL DAMAGES.

See Exhibit A.

35. The allegations in the prayer for relief below paragraph 37 are denied.

36. Defendants Mcleod and Martinez deny the allegations in paragraphs 38, 39, 40. Further the Defendants assert that there is no privity of contract between them, Plaintiff and the insurance companies at issue and that Texas courts have found that the duty of good faith and fair dealing is not applicable to employees of insurance companies. See *NATIVIDAD v. ALEXSIS, INC*. 833 S.W.2d 545 (1992)

37.  Regarding the allegations in paragraph 41 the contract at issue prohibits the award of damages as proposed. See Exhibit A paragraph 11(C).

38.  Regarding the allegations in paragraph 43 they require no response.

39.  Regarding the allegations in paragraph 44 the defendants deny the factual assertions and legal conclusions contained therein and assert that Section NMSA "58A-16-4" is not a part of the insurance code nor does it refer to any provision of law in NM.

40.  Regarding the allegations in paragraph 45 and 46 the Defendants have no knowledge of the tax liabilities of the Plaintiff and are not liable for causing any tax liabilities or other damages. They are not tax professionals and Plaintiff was advised to seek professional legal and tax advice before proceeding. The allegations are denied.

41. Regarding the allegations in paragraph 48, 49(a-f) the Defendants strenuously deny the all of the allegations and assert that they never misled, or conducted themselves in an unfair or deceptive manner as defined by the NM Unfair Practices Act NMSA 57-12-1 et seq.

42. Regarding the allegations in paragraph 50, Defendants deny the allegations and state that the contract at issue prohibits the award of damages as proposed. See Exhibit A paragraph 11(C).

43. Defendants deny the allegations in paragraphs 51, 52, and 53 in their entirety.

44. Defendants assert that they are entitled to an award of attorney fees as they are falsely accused and will prove their innocence of the allegations asserted in the complaint for violations of the NM Unfair Practices act. Upon Judgment in their favor the court should award them their attorney fees in accord with NMSA 57-12-10.

## AFFIRMATIVE DEFENSES

45. Plaintiff's claim should be dismissed due to the Doctrines of Laches, waiver, illegality, failure to mitigate damages, and time bar.

46. The Complaint thus fails to provide written attachments which would verify to the court that the contract obligations duties and breaches thereof were the responsibility of the Defendants. The Plaintiff's Complaint is thus deficient in that it fails to attach relevant documentation of the alleged contractual obligations and damages.  No copy of the contracts at issue was provided to the Defendants upon service nor was it provided to the court. Thus the complaint fails to comply with rule NMRA 1-009(I) as there are no verifiable written attachments which reflect contracts alleged or the standing of the Plaintiff to assert claims based upon those contracts.

47. Defendants were independent contractors able to provide insurance products from different companies without conflict. Plaintiff in this case cannot seek relief from the now defunct GH Wellness LLC so they now seek to draw a nonexistent association between GH wellness LLC. and Colonial when there is no relationship other than independent

8

contractors in common. The claims asserted by the Plaintiff should be dismissed for failure to assert claims upon which relief could be granted.

48.  The Plaintiff has thus failed to establish standing to assert the contractual obligations alleged in the Complaint. The complaint should thus be dismissed for failure to submit a claim upon which relief could be granted and failure to establish standing.

49.  The statute of frauds  is asserted for the proposition that there is no  written contract between Plaintiff and the Defendant's Martinez and Mcleod upon which to base a breach of contract claim or for violations of the duty of good faith and fair dealing.

50. Plaintiff's tax debts and erroneous reporting could have been mitigated had they sought professional tax advice and or complied with federal tax laws. Their compliance with federal tax laws was not the responsibility or duty of the Defendants Martinez or Mcleod. Had they done so they would have mitigated any potential damages.

51.  The laws of the State of Texas are potentially applicable to at least a portion of the claims in the present case in accordance with one of the contracts at issue. See Exhibit A paragraph 14(B).

52.  Defendants Mcleod and Martinez assert that they are entitled to the corporate liability protections from personal liability. Defendants assert that they

**RESERVATION OF RIGHTS**

53. Defendant reserves the right to assert statutory and common law counterclaims as information becomes apparent in this case supporting the counterclaims.

54. Defendants Reserve the right to assert any cross claim or 3rd party claim against any co-defendant, known or unknown tax professionals, legal professionals, or employees of the Plaintiff  who gave erroneous, slanderous or defamatory information which improperly

resulted in blame for corporate tax problems being placed upon Defendants Treva

Martinez and David Mcleod.

Wherefore, Defendants Martinez and Mcleod submit their Answer with significant

defenses to the Plaintiff's complaint.  Defendant requests that the court find that the claims

asserted by Plaintiff are invalid and unenforceable and dismiss the Plaintiff's claims with

prejudice granting attorney fees, costs and any additional relief deemed proper by the court in

favor of the Defendants.

Respectfully Submitted,

*/s/ Alvin R. Garcia, Esq.*
Alvin R. Garcia, Esq.
Law Office of Alvin R. Garcia, LLC.
3620 Wyoming Blvd. NE, Suite 205
Albuquerque, NM 87111
Phone: 505-242-8888
Fax: 505-242-8890
Email: Alvin@agarcialaw.com


This will certify that a copy of the foregoing
was delivered/mailed to all parties of record
on this 29th day of December, 2020.

Karl H. Roepke
Attorney for Plaintiff
2501 San Pedro NE Ste 205
Albuquerque NM 87110
505-323-0515

 Stephen Bressler
Nicole G. True
201 East Washington street suite 1200
Phoenix AZ 85004
602-262-5311
Fax 602.262.5741
Counsel for Defendant Colonial

*/s/ Alvin R. Garcia, Esq.*

10



# MASTER SERVICE AGREEMENT

This Master Service Agreement ("**Agreement**"), made this _5ᵗʰ_ day of _AUG._, 2015, by and between Gibbons Hughes and Associates LLC, a Texas corporation having its principal place of business located at 4322 N. Beltline Rd. B110 Irving, TX 75038, ("**Company**" or "GH Wellness"), and _WALSH ENGINEERING & PRODUCTION, INC._ having its principal place of business at _FARMINGTON, NM 87402_ ("**Client**").

## · · WITNESSETH

**WHEREAS**, the Company offers to Client a particular health and wellness management system and services ("**Services**") for its employees and their families.

**WHEREAS**, Client desires to have the Services made available to Client and its employees and their dependents ("**Employees**") and has established (or will establish) a sponsored Section 125/105 defined wellness benefit plan and wishes to utilize Company's Services in administering such the plan.

**WHEREAS**, the Company desires to grant to the Client the right to use Company's Services in administering the Client's health and wellness plans, policies and services to its Employees.

**WHEREAS**, Client desires to utilize the Services to help Employee's out of pocket medical expenses, dependent care and incidental financial expenses related to medical care through re-insuring the risk with supplemental coverage, as set forth in more detail in the Schedules and, Client acknowledges that the Services are not a substitute for major medical coverage and that by providing the Services, the Company is not rendering healthcare services, engaged in the practice of medicine or third party administrator of such benefit plans.

**WHEREAS**, Client desires, and Company agrees, that the Services provided to the Client will be on a fee basis, as set forth below.

## RECITALS

This Agreement (including all schedules, and all other service agreements, which are incorporated herein by reference) contains general contractual terms for the Services to be provided to Client.  The Company, pursuant to this Agreement, will provide the Services and such other service agreements entered into by Client and/or Company.  This Agreement and the attachments hereto, if applicable, shall describe the Services, the provisions for payment, the term for performance, applicable service levels, and other provisions that are specific to this Agreement.

The Services provided to Client shall consist of various services related to the Client's employee benefit programs in order to allow Client to manage its benefit programs more efficiently.  The specific Services agreed to shall be specified in the attached Schedule A to this Agreement.

All of the terms of this Agreement shall apply to each service agreement except to the extent negated or contradicted by the express terms of a service agreement or any

GH Wellness

Exhibit A



schedule (defined as "any schedule, exhibit, agreement or other document either (i) attached to this Agreement, (ii) attached to other written agreements; or (iii) executed by the parties at any time hereafter, if such document states that it is a schedule to this Agreement or any service agreement") to a service agreement.

## AGREEMENT

The Company and Client agree as follows:

1. **Term**:  The effective date of the Agreement shall be the date on which this Agreement is signed and executed below ("**Effective Date**").  The term of this Agreement shall be for a two-year period ("**Term**") beginning on the Effective Date and ending <u>AUG 5, 2017</u>

2. **Services**:  Performance of all duties and obligations of the Client under this Agreement are contingent upon the timely payments of fees, administrative charges and such other amounts agreed upon, as contained in the attached Schedule B.

   As of the Effective Date, the Company shall provide and begin implementing the Services specified in attached Schedule A.

3. **Fees**:  Subject to the other provisions of this Agreement and Services rendered, and as set forth in Schedule B, Client shall pay to Company such amounts set forth in Schedule B to this Agreement as payment in full for the Services under this Agreement during the Term.  All fees properly due based on the shared savings amount shall be paid no later than thirty (30) days after Client receives an invoice and/or reconciliation for such Services, or such other date as set forth in Schedule B.  Any services outside the scope of this Agreement shall be paid as agreed to in writing by the parties.

4. **Expenses**:  Company shall prepare invoices to Client for reasonable third party expenses and shall pay to such third party all substantiated amounts set forth on such invoice. Company shall invoice Client for such third-party expenses and out of pocket expenses, *but only if Company has received prior approval from Client for such expenses.*

5. **Taxes**:  Client shall pay (or have responsibility to pay) any sales, use, excise, value-added, services, consumption, and other taxes and duties imposed on any goods and services acquired, used or consumed by Client in connection with the Services provided by Company.

6. **Client Duties**:  As of the Effective Date of this Agreement, Client shall:

   A. The Client shall cooperate with Company in the performance of its Services hereunder, including, without limitation, providing Company with reasonable and timely access to data, documents, information and personnel of the Client, as applicable. The Client shall be responsible for the representations and performance of its personnel and agents and for the accuracy and completeness of all data and information provided and transmitted to Company for purposes of the performance by Company of its Services hereunder.  Furthermore, Client shall ensure the cooperation



of health and welfare benefit programs, if applicable, for purposes of the Services being provided hereunder, as well as Client's benefit plan design(s).

B. Provide to the Company, on a reasonable and timely basis, other such information that is required for Company to perform the Services under this Agreement. Such information includes, without limitation, any electronic files (i.e., eligibility files, formulary files, pricing files, etc.) required for Company's performance of the Services, payroll records in order to develop employee proposals and set cert costs for the Services and such other information as needed from time to time for purposes of Company performing the Services to Client and Employees.

C. Provide Company written notice of any substantive changes with regard to Client's benefit plans, procedures, administration and such other applicable information pertinent to the delivery of the Services, not less than 60 days prior to the date such change becomes effective. If such change is not known by Client prior to the 60 days mentioned above, then as soon as administratively possible.

D. Client agrees to distribute applicable information for performance of the Services to all Employees (defined to include Client's employees and/or dependents) and to distribute subsequent Services information to encourage utilization of Services. Such distribution shall be in the form of mailers or email, or such other reasonable mechanism to communicate the Services herein as such Services are applicable to the Client and its' Employees. Employees, as applicable, will be required to complete a release form that allows Company to obtain any medical and claims information, but only if required for performance of the Services. Client also agrees to notify Employees who terminate employment of the termination of the Services applicable to them.

E. Timely pay Company the fees and amounts specified as set forth in the attached Schedule B, as set forth under the shared savings approach for the Services rendered by Company.

F. Client agrees to allow up to _30 DAYS_ days for implementation with the goal that Company's Services will be in effect no later than _OCTOBER 1ST, 2015_

G. Client shall establish annually a consistent enrollment group that meets minimum standards of known income of $15,400 a year or more. Consideration shall be given to situations where an employee has known income of less than $15,400 a year but Client wishes to include that employee. Those employees participating in health savings accounts or health reimbursement account may not be eligible for participation, as applicable. (All calculations are based on the employee having sufficient income in the Federal Income Tax bracket to cover all reductions in taxable income as a result of this Agreement and the associated Section 125/105 program.)

7. **Company Duties**: As of the Effective Date of this Agreement, Company shall:

A. The Services shall be made available to Client and its Employees and be updated at regular intervals as industry or Company information changes during the Term.

B. The Services shall include such services as specified in attached Schedule A. Notwithstanding Schedule A, such Services may include such other services or



products as agreed to between Company and Client.  Such additional services shall be reflected on Schedule A.

C. Company shall provide initial setup services for Client to use Company's Services under certain conditions:

  i) Any information required for set-up from Client is delivered to Company in the format and means requested from Company and is compatible with the system from which Services are delivered, as applicable; and

  ii) Company shall provide access to the Services no later than 30 days after acceptance of setup data.

D. Company shall maintain all data, information and files relating to Client and its Employees in accordance with applicable laws, including, but not limited to, HIPAA and the associated regulations promulgated thereunder.

**8.**  **Termination**:

A. This Agreement may be terminated as follows:

  i) by mutual written agreement of the parties;

  ii) by written notification to the other party of its intent to terminate the Agreement, but no less than ninety (90) days prior to the end of the Term may either party provide such notification (this notification may include any requested pricing changes by either party);

  iii) if the other party commits a material breach of any term which (in the case of a breach capable of being remedied) shall not have been remedied within thirty (30) days of a written request to remedy the same, as set forth below in Section 8.B;

  iv) by either party if the other becomes insolvent, files or has filed against it a petition in bankruptcy (or any similar petition under any insolvency laws of any state), proposes any dissolution, liquidation, financial reorganization with creditors, or if a receiver, trustee, or custodian is appointed or takes possession of the property or business of the other party.

  v) Company may terminate the Agreement and any associated Services for Client based on lack of fee payment by Client for more than sixty (60) days.

B. Right to Cure.

  i) Both parties agree to provide written notification to the other party regarding any issues or concerns that arise during the Term, identifying the concern and providing thirty (30) days to the other party to rectify the problem.

C. Effect of Termination.

  i) Client shall, upon the effective date of termination, immediately delete and remove any access to Services by Client and its Employees and otherwise cease providing access to the Services.  Client agrees and acknowledges that Company shall have a right to deny access to the Services to any Client and its Employees as of the effective date of termination.  Upon termination, each party shall promptly cease using or displaying the other party's trademarks, service marks,



name and/or logos, if applicable.  Termination of the Agreement shall be in addition to, and not in lieu of, any equitable or legal remedies available to either party.  The expiration or early termination shall not release or discharge Client from any payment or liability that may previously have accrued and that remains to be paid or performed.

D. Company reserves the right to maintain Participant Data indefinitely unless directed otherwise by Client.

9. **Representations, Warranties, Disclaimers:** Each party represents and warrants to the other that, as of the Effective Date and each other service agreement effective date:

   A. It is duly formed, validly existing and is in good standing under the laws of the state in which it was formed, and is in good standing in each jurisdiction where it is required to be in order to conduct its business.

   B. It has the authority to own, lease and operate its assets and to carry on its business.

   C. Authority.  Each party hereto represents and warrants that it has the full legal right, power, and authority to execute, enter into and deliver this Agreement and perform fully its obligations hereunder and that the execution, delivery, and performance of the Agreement will not conflict with any note, bond, mortgage or indenture, contract, agreement, lease, license permit, or franchise to which it is a party.

   D. Each party hereto represents and warrants that it, its employees and agents shall comply with all applicable state and local laws, regulations and ordinances.

   E. No Warranties; Disclaimer.  **Client acknowledges, understands and agrees that Company is providing no warranties and shall have no liability, contingent or otherwise, for the accuracy, completeness, timeliness or correct sequences of any health information or reports because of any act or omission or the results of any act or omission by Client or by any Employee of such Client in reliance upon such information or reports. The Company is providing no warranties of merchantability or fitness for any particular purpose.** Company does not guarantee the uninterrupted availability of the System. Company shall not be responsible for any failure of any public communication systems such as the Internet or any transmission devices and/or systems supplied by Client to be used in conjunction with the System.  In particular the parties acknowledge that software systems and Services are not inherently bug-free or error-free, however, the Company will use all of its resources to deliver a bug-free and error-free software product. It is also agreed by both parties that the software or system is not expected to be able to resolve any specific medical conditions of any of the users. The Services reflect the current state of medical knowledge and is subject to change over time.

10. **Confidentiality Covenants; Proprietary Rights:**

   A. Confidential Information.  In the performance of their respective obligations under this Agreement, Company and Client, and their respective officers, directors, employees, subcontractors, or agents may receive or have access to certain information, including, but not limited to, pricing, methods, processes, financial data, lists, statistics, software, systems or equipment, programs, policies, research, development, strategic plans, operating data and other confidential business,



customer or personnel information or data, whether in written, oral or other form (collectively, "Confidential Information") owned or controlled by the other party, including, without limitation, the terms of this Agreement. Such Confidential Information may contain material that is proprietary or confidential, disclosures of patentable inventions with respect to which patents may not have been issued or for which patent applications may not have been filed, or material, which is subject to applicable laws regarding secrecy of communications or trade secrets or similar proprietary rights. Therefore, Company and Client covenant and agree:

i)   that all such Confidential Information so acquired by either party or any of their respective employees, officers, directors, subcontractors or agents shall be and shall remain the other party's exclusive property;

ii)   to inform all of their respective officers, directors, employees, subcontractors and agents engaged in handling such Confidential Information of the confidential character of such Confidential Information and of the existence of applicable laws regarding secrecy of communications;

iii)   to limit access to such Confidential Information to their respective authorized officers, directors, employees, subcontractors and agents on a need-to-know basis;

iv)   to keep, and have their respective officers, directors, employees, subcontractors and agents keep, such Confidential Information confidential, using the same degree of care which it exercises with its own Confidential Information of like importance, but in no event less than commercially reasonable means;

v)   not to copy or publish or disclose such Confidential Information to others or authorize their respective officers, directors, employees, subcontractors or agents or anyone else to copy or publish or disclose such Confidential Information to others without the other party's prior written approval, except as may be required by law or in connection with any legal proceeding, or to enforce the provisions of this Agreement; provided, that if any disclosure of the other party's Confidential Information is so required, the disclosing party will provide prior notice of such disclosure to the other party and give the other party a reasonable opportunity to object to the disclosure of such Confidential Information;

vi)   to return any copies of such Confidential Information in written, graphic or other tangible form to the requesting party at such party's written request; and

vii)   to use such Confidential Information only for purposes of this Agreement and for other purposes, only upon such terms as may be agreed upon between the parties in writing.

B.   It is expressly agreed that the term "Confidential Information" shall not include information which: (a) is now, or hereafter becomes, through no unauthorized act of



the recipient party, generally known or available to the public; (b) is rightfully known by a party hereto without an obligation of confidentiality at the time of receiving such information from the other party, or (c) is independently developed by a party hereto without use of the other party's Confidential Information

C. Confidentiality Commitments. Company and Client shall not transfer or disclose Confidential Information of the other to any third parties not related to the Services pursuant to this Agreement. The parties shall limit disclosure of the other's Confidential Information to their directors, officers, employees, agents, and representatives who need to know and use such information for purposes of the Services under this Agreement. The parties shall use such Confidential Information only for any purposes contemplated by this Agreement or as otherwise approved in writing by the other party. In the event that either party is required by law or by legal process to disclose any Confidential Information of the other party, the party so required will provide the other party with prompt written notice of such requirement so that it may have an opportunity to seek an appropriate protective order. Each party acknowledges that the other will be irreparably harmed if the other party's obligations under this section are not specifically enforced and that the non-breaching party would not have an adequate remedy at law in the event of a violation by the other party of its obligations. Therefore, each party agrees and consents that the non-breaching party shall be entitled to an injunctive relief or specific performance for any violation or breach thereof.

D. Proprietary Rights. The Services, and any system associated with such Services and all derivative works, modifications and enhancements thereof, whether made by Company, Client or a third party contain trade secrets of Company and are proprietary to Company. Exclusive title shall remain with Company. All applicable rights to patents, copyrights, trademarks, trade secrets and intellectual property in the System ("**Proprietary Rights**") are and shall remain with Company. Client shall acquire no right, title, or interest in the System by virtue of Service Agreement other than as expressly provided with respect to its use in the Service Agreement. Company possesses (through ownership, license or otherwise) all Proprietary Rights necessary to provide the Services without infringing upon such Proprietary Rights of another party.

**11. Indemnification; Limitations of Liability; Damages**:

A. Client Indemnification. Client shall indemnify, defend and hold harmless Company, its affiliates and their respective officers, directors, employees, agents, successors and assigns, from and against all losses (defined as "all losses, liabilities, damages and claims, and all related costs and expenses, including reasonable legal fees and reasonable costs of investigation, litigation, settlement, judgment, appeal, interest and penalties, collectively, "**Losses**") arising from, in connection with or relating to:

i) Client's breach of its obligations with respect to Company's Confidential Information;

ii) Any lawsuits or actions involving both Client and Company, but not in any way related to the Services or this Agreement; and



    iii)    Any improper use of Company's Confidential Information by Client.

B. **Company Indemnification.** Company shall indemnify, defend and hold harmless Client, its affiliates, and their respective officers, directors, employees, agents, successors and assigns, from and against all Losses arising from, in connection with, or relating to:

    i)    Company's breach of its obligations with respect to Client's Confidential Information;

    ii)    Any claims of Company's subcontractors due to grossly negligent or intentionally wrongful acts by Company; and

    iii)    any and all claims alleging that the Services and any Intellectual Property furnished by Company violate any third party's patent, trade secret, copyright, or other Intellectual Property right.

C. LIMITATION OF LIABILITY.  IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER PARTY FOR ANY SPECIAL, INDIRECT, PUNITIVE, INCIDENTAL, OR CONSEQUENTIAL DAMAGES.

D. Company Not Rendering Healthcare Services: The Company is responsible for an accurate product and Services delivered to the Client and Employees.  Client and its Employees are responsible for inputting data and retrieving data and information from the systems, if applicable, related to the Services and for the accuracy and adequacy of information and data furnished using the Services.  Client acknowledges and agrees that by providing the Services and related systems hereunder, if any, Company is not engaged in the practice of medicine and shall not be liable to Client for act or failure to act relating thereto, in addition to any limitation of liability provisions contained herein.

12. **Affiliates**:  Throughout the term of this Agreement, Company shall provide the Services to Client and to those present and future affiliates of Client, as Client may designate from time to time and communicated in writing to Company, all in accordance with the terms and conditions of this Agreement and any other service agreement.  Company may, in its discretion, require separate service agreements with any such affiliates.

13. **Licenses and Permits**:  Company shall be responsible for obtaining all applicable governmental or regulatory licenses, authorizations, and permits required in connection with the performance of the Services and to otherwise carry out its obligations under this Agreement and under any other service agreement, and shall pay, all fees and taxes associated with such licenses, authorizations, and permits.

14. **General Provisions:**

A. Assignment.  Neither party shall assign any of its rights or delegate any of its duties under this Agreement to any third party without the prior written consent of the other party.  Any attempted assignment or delegation without prior written consent shall be void.

B. Governing Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Texas to the extent they are not preempted by Federal



Law.  All Services performed by Company are deemed to be performed in Dallas County, Texas.

C. Force Majeure.  Except for payment of sums due hereunder, neither party shall be liable for delay due to causes beyond its reasonable control.

D. Severability:  Any provision in this Agreement that is prohibited or unenforceable in an appropriate jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions or affecting the validity or enforceability of such provision in any other jurisdiction.

E. Waiver. No delay or omission by either party in exercising any of its rights hereunder shall impair such right or power or be construed to be a waiver thereof.  A waiver by either party of any covenant, condition or agreement to be performed by the other shall not be construed to be a waiver of any succeeding breach thereof.

F. Company and Client will comply with all applicable HIPAA and Genetic Information Nondiscrimination Act regulations

G. Notices.  All notices, requests, consents, and other communications hereunder shall be in writing and shall be deemed sufficient if personally delivered, sent by nationally-recognized overnight courier, sent by facsimile, scanned and emailed or sent by registered or certified mail, return receipt requested and postage prepaid, addressed as follows:


If to Company, to:                         If to Client, to:

4322 N. Beltline Rd B110                   *741½ E. MAIN*

Irving, Texas 75038                        *FARMINGTON, NM 87402*

Attn: GH Client Services          Attn: *KAREN MILLS*


or to such other address as the party to whom notice is to be given may have designated to the other party in writing. Any such notice or communication shall be deemed to have been received (a) in the case of personal delivery or email, on the date of delivery, (b) in the case of nationally-recognized overnight courier, on the next business day, (c) in the case of facsimile, on the next business day after the day sent and (d) in the case of mailing, on the third business day following the date when posted.

H. Subcontractors and Agents.  Company understands that Company is responsible for the performance of any subcontractors and agents it engages to provide Services under this Agreement and shall ensure that any such subcontractors and agents comply with all applicable terms and conditions of this Agreement. Company hereby represents and warrants that any and all subcontractors and agents engaged by Company to provide any of the Services under this Agreement have been subjected to a thorough due diligence process by Company prior to engaging and that Company maintains a due diligence program for its subcontractors that includes (i) a thorough evaluation of the subcontractor's capabilities prior to engaging the subcontractor,



including a determination by Company that each subcontractor has the financial capability to fulfill its contractual obligations, and (ii) periodic monitoring of the subcontractors to ensure compliance with their contractual obligations.

I.  Benefits of Agreement; No Third Party Beneficiaries.  This Agreement shall bind and inure to the benefit of any successors to or permitted assigns of the parties as agreed upon.  None of the agreements, representations, or other provisions contained herein are intended for the benefit of any person or entity that is not a party to this Agreement.

J.  Survival.  Notwithstanding anything contained herein to the contrary, Sections 9, 10 and 11 shall survive any termination or expiration of this Agreement.  Any other provision of this Agreement or any other service agreement which contemplates performance or observance subsequent to any termination or expiration of this Agreement or any other service agreement shall survive expiration or termination of this Agreement or any other service agreement.

K.  Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but both of which together shall constitute one and the same instrument.  A facsimile or electronic copy of this Agreement properly signed by an authorized representative of each party shall constitute a valid original for purposes of this Agreement.

L.  Amendment: No supplement, modification, amendment or waiver of this Agreement or any other service agreement between the parties shall be binding unless executed in writing by both parties.

M.  Entire Contract:  This Agreement, including the schedules, any amendments, appendices or supplements hereto, shall constitute the entire contract between the parties with respect to the Services contemplated herein, and supersedes all other agreements and understandings between the parties.

N.  Independent Contracting Parties. This Agreement does not create any agency, joint venture, or partnership between Company and Client.  Neither party shall impose or make any promises, representations, or warranties on behalf of the other, other than as expressly provided herein.

O.  Currency and Place of Payments:  All sums payable to Company pursuant to this Agreement shall be payable in lawful currency of the United States at Company's Addison, Texas office.

P.  HIPAA:  The parties acknowledge that some of the information exchanged between the parties may constitute protected health information (including electronic protected health information), as such term is defined by the Standards for Privacy of Individually Identifiable Health Information ("Privacy Standard") promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties have entered or will enter into a business associate agreement governing the treatment and protection of such information, to the extent and in the manner such agreement is required.  The business associate agreement shall be consistent with the requirements of the Privacy Standard.  By their signatures below, Client and



Company jointly agree that they will comply with their respective obligations under the Privacy Standard.

Q. Logo.  Company shall not express or imply any endorsement by Company, its affiliates, directors, officers, employees or agents of any product or service or in any other manner or for any purpose whatsoever.  Company agrees that it will not use or will not allow or assist any third party to use or display Client's name, logo(s) and/or other identifying trademarks or service marks without the prior written consent of Client.

[Remainder of page intentionally blank]



IN WITNESS WHEREOF, Company and Client have caused this Agreement to be executed by their duly authorized representatives on this ___5TH___ day of ___AUGUST___, 2015.

GH Wellness                                      CLIENT

By:_____          By:_~Karen Mills~_____

Print Name:_____          Print Name: _KAREN MILLS_____

Title:_____            Title:_ H R   DIRECTOR_____

Date:_____             Date:__08-05-2015_____



## Schedule A Services

The following Services will be made available to Client, pursuant to this Agreement.

### Overview

The GH Wellness Program is a defined wellness benefit plan that is created to cover a participant's out of pocket medical expenses, dependent care and/or incidental financial fallout from medical related issues, as applicable. All risk is re-insured by other policies. We adopt certain ancillary health insurance as re-insurance of the health risk so that we help protect the out of pocket costs. We enroll participants into supplemental coverage of their choice as re-insurance to cover items not covered by some of the traditional group health plans or normal health insurance. Participants may receive a participant loan, if applicable, or wellness plan claim payment, reimbursement or distribution pursuant to the Wellness plan to cover any out of pocket exposure.

### Next Steps

Once your group is enrolled you will receive the GH Wellness Deduction Summary. The GH Wellness Deduction Summary illustrates the payroll entries that a company will be making for participating employees. Below itemizes what is listed on the deduction summary.

- 125 Cafeteria Deductions: This amount is **pre-tax** (Excluded from taxable income).
- Plan Distribution: This amount is set up as a wellness plan reimbursement/payment that is **not subject to taxable income.**
- Accident: This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.
- GAP/Bridge: This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.
- Short Term Disability: This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.
- Life Insurance (Includes Critical Illness & Long Term Care Coverage): This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.
- Dental: This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.
- Vision: This is a participant selected plan that re-insures some of their risk. This item is payroll deducted **post-tax** and the cost is offset by payroll tax savings from the pre-tax 125 Cafeteria Deductions.



*Note: A participant's W2 will have the GH Wellness 125 Cafeteria Deductions on line 14 (Other).

Value

The GH Wellness Program is creating significant value for the participating employees by covering certain medical costs, as well as providing important savings to the employer. As with any other plan that gives an employee a new premium or contribution that reduces their taxable income, the employer will consequently reduce their payroll tax burden which goes directly to their bottom line.

Once your group is enrolled you will receive the GH Wellness Employer Monthly Billing Detail. The GH Wellness Employer Monthly Billing Detail that follows illustrates the fees and employer savings associated with the plan.

Below itemizes what is listed on the GH Wellness Monthly Billing Detail.

- Employee Fee: The fee is 5% of the GH Wellness 125 Cafeteria Deduction and is payroll deducted for participating employees.
- Employer Fee: The employer fee 3% of the GH Wellness 125 Cafeteria Deduction and is deducted with payroll and paid to GH.
- The GH Wellness Cafeteria Deduction for Single and Married is as follows: $829.00 and $1,129.00, respectively.  As such, the Employee Fee is equal to $41.45 and $56.45 for Single and Married, respectively.  The Employer Fee is equal to $24.87 and $33.87 for Single and Married, respectively.
- Employer Savings:  The savings to the employer is based on overall payroll tax savings. An employer saves 7.65% (Matching SS & Medicare) on the reduction in taxable income for each employee.  For Single and Married, that is approximately $63.41 and $86.36, respectively.   As such, the Net Savings for an employer, on a monthly basis, for a Single and Married equal $38.54 and $52.49, respectively.  As such, on an annual basis, that equates to approximately $462 and $630 for each Single and Married participant.
- Total Combined Monthly Fee: This is the combined employer and employee fee that can be expected on the monthly invoice.
- Total Monthly Employer Savings: Illustrates **NET** savings after all administration fees are paid (Total employer monthly savings – Total employer monthly fees = Total Monthly Employer Savings).
- Annual Employer Net Savings: Illustrates the **NET** annual savings after all administration fees are paid (Total employer annual savings – Total employer annual fees = Total Annual Employer Savings).

*Note: The GH Wellness Program's average employer **NET** savings is about $450 per employee/per year. This is realized by the employer while giving employees access to additional benefits through a company-sponsored plan.

Pursuant to this Agreement and this Schedule A, the following shall apply:

GH Wellness



1.  Client shall annually provide access to all eligible employees for the purpose of enrollment. Client shall provide access to newly eligible employees during the applicable enrollment period. Monthly, Client shall provide email access to employees and assist in the communication to employees and collection of data for the necessary reports and reimbursements.

2.  Client shall collect through payroll the contributions of employees to the program. Client shall incorporate benefits, loans, reimbursements, liens and advanced benefits, if applicable with the program and Services, into the employee's periodic paycheck. Such amounts shall be netted out of payments and the net amount shall be deposited to a Client established account. On the 25th of the prior month the Administrator shall notify the appropriate service to collect the amount on the established bill for the next month. The initial month's payment shall be collected on the last day of the month for the covered period. Thereafter, payment is due at the end of the month.  Client will be charged $50 for an insufficient balance if monies are not available at time of collection. Premiums will not be collected unless covered by a separate agreement.

3.  Client shall pay the fee(s) indicated above or such other agreed upon amount of savings resulted from the contribution by employees. Contributions shall be submitted to the Company or administrator in the same manner and schedule as payment of amounts specified above. Such amounts will be considered expenses of this Agreement.

4.  Client employees shall pay an administrative fee and interest rate for serving as the plan/Services administrator.  This fee shall be equal to an amount equal to the amount specified above or, if not above, then $_____ per employee contribution participating in the Plan during that month, calculated at the end of the month and due to the Administrator three days (3) from the end of the preceding month for the prior month's services.



**Schedule B**

**Fees**

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                          **Plaintiff,**

**v.**                                    **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                          **Defendants.**
_____

## CERTIFICATE OF SERVICE

The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's Answers to First Set of Interrogatories, First Requests for Admissions and

First Request for Production from Colonial Life & Accident Insurance Company, by email to

NTrue@lrrc.com, SBressler@lrrc.com and MDenman@lrrc.com, on the 15th day of January,

2021.

                              Respectfully Submitted,


                              /s/ Karl H. Roepke, attorney at law
                              Roepke Law Firm, llc
                              Karl H. Roepke
                              2501 San Pedro N.E. Ste. 205
                              Albuquerque, N.M. 87110
                              (505) 323-0515
                              khr@roepkelaw.com


I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093

NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004
Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 15th day of January, 2021

/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

2

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
1/28/2021 4:13 PM
WELDON J. NEFF
CLERK OF THE COURT
Charlene Henry

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

        Plaintiff,

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

        Defendants.

Case No. D-1116-CV-2020-00826

## CERTIFICATE OF SERVICE

    I hereby certify that on this date, a copy of Defendant's Second Set of Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff were served via email upon Plaintiff Walsh Engineering and Production Corporation.

Dated: January 28, 2021

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicole G. True*
    Nicole G. True, Bar No. 152093
    NTrue@lrrc.com
    Stephen M. Bressler (admitted *pro hac vice*)

201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602.262.5311
Facsimile:   602.262.5747

Attorneys for Defendant

112886752.1

I hereby certify that on January 28, 2021,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*


*/s/ Nicole G. True*
Nicole G. True

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
2/10/2021 12:05 PM
WELDON J. NEFF
CLERK OF THE COURT
Holly Wilson

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

             Plaintiff,

v.                                                         Case No. D-1116-CV-2020-00826

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

             Defendants.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, a copy of Defendant's Third Set of Requests for Admission, Interrogatories and Requests for Production of Documents to Plaintiff were served via email upon Plaintiff Walsh Engineering and Production Corporation.

Dated: February 10, 2021          LEWIS ROCA ROTHGERBER CHRISTIE LLP

                              By: */s/ Nicole G. True*
                                 Nicole G. True, Bar No. 152093
                                 NTrue@lrrc.com
                                 Stephen M. Bressler (admitted *pro hac vice*)

                                 201 East Washington Street, Suite 1200
                                 Phoenix, AZ  85004
                                 Telephone:   602.262.5311
                                 Facsimile:   602.262.5747

                                 Attorneys for Defendant

I hereby certify that on February 10, 2021,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*

*/s/ Nicole G. True*
Nicole G. True

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                        **Plaintiff,**

**v.**                                         **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                        **Defendants.**
_____

## CERTIFICATE OF SERVICE

The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's Answers to Second Set of Interrogatories, Second Requests for Admissions

and Second Request for Production from Colonial Life & Accident Insurance Company, by

email to NTrue@lrrc.com, SBressler@lrrc.com and MDenman@lrrc.com, on the 5th day of

March, 2021.

                                        Respectfully Submitted,


                                        /s/ Karl H. Roepke, attorney at law
                                        Roepke Law Firm, llc
                                        Karl H. Roepke
                                        2501 San Pedro N.E. Ste. 205
                                        Albuquerque, N.M. 87110
                                        (505) 323-0515
                                        khr@roepkelaw.com


I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093

NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004
Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 5th day of March, 2021

/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

2

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                        **Plaintiff,**

**v.**                               **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                        **Defendants.**
_____

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's First Supplemental Responses to Defendant's First Set of Interrogatories

and First Request for Production from Colonial Life & Accident Insurance Company, by email

to NTrue@lrrc.com, SBressler@lrrc.com and MDenman@lrrc.com, on the 15th day of February,

2021. Additional Supplemental Request for Production were emailed on February 26, 2021.

                                     Respectfully Submitted,


                                     /s/ Karl H. Roepke, attorney at law
                                     Roepke Law Firm, llc
                                     Karl H. Roepke
                                     2501 San Pedro N.E. Ste. 205
                                     Albuquerque, N.M. 87110
                                     (505) 323-0515
                                     khr@roepkelaw.com


I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093

NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004
Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 5th day of March, 2021

/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
3/18/2021 10:00 AM
WELDON J. NEFF
CLERK OF THE COURT
Charlene Henry

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

        Plaintiff,

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

        Defendants.

Case No. D-1116-CV-2020-00826

## CERTIFICATE OF SERVICE

I certify that on this date, a copy of Defendant's Fourth Set of Interrogatories and Requests for Production of Documents to Plaintiff were served via email upon Plaintiff Walsh Engineering and Production Corporation.

Dated: March 18, 2021

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicole G. True*
    Nicole G. True, Bar No. 152093
    NTrue@lewisroca.com
    Stephen M. Bressler (admitted *pro hac vice*)

201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602.262.5311
Facsimile:   602.262.5747

Attorneys for Defendant

112886752.1

I certify that on March 18, 2021,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*


*/s/ Nicole G. True*
Nicole G. True

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

        Plaintiff,

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

        Defendants.

Case No. D-1116-CV-2020-00826

## NOTICE OF RULE 30(B)(6) DEPOSITION OF
## WALSH ENGINEERING AND PRODUCTION CORPORATION

Defendant Colonial Life & Accident Insurance Company will take the deposition of a

person or persons designated by plaintiff **WALSH ENGINEERING AND PRODUCTION**

**CORPORATION,** pursuant to Rule 1-030(B)(6) NMRA, on _____, 2021 at **10:00**

**a.m.** at the offices of _____.  The deposition will be recorded by video and

stenographic means, before a certified court reporter and notary public.

Pursuant to Rule 1-032 NMRA, notice is hereby given that all or portions of this

deposition may be used at trial.

Pursuant to Rule 1-030(B)(6), the persons or persons designated by Walsh Engineering

and Production Corporation ("Walsh Engineering") are required to be fully prepared to testify

regarding all information that is known or reasonably available to it regarding the following

designated matters:

- 1 -

## DEFINITIONS

1.      "You," "your," and "Walsh Engineering" means plaintiff Walsh Engineering and Production Corporation and its attorneys, investigators, agents, employees, representatives, and all other persons acting for, or on its behalf or subject to its control.

2.      "GH Wellness" means Gibbons Hughes and Associates LLC and its attorneys, investigators, agents, employees, representatives, and all other persons acting for, or on its behalf or subject to its control.

3.      "Wellth Administrators" means Wellth Administrators and its attorneys, investigators, agents, employees, representatives, and all other persons acting for, or on its behalf or subject to its control.

## MATTERS OF EXAMINATION

1.      The insurance coverage that Walsh Engineering offered to its employees during calendar years 2016-2019, including the types of coverage that you offered (e.g., health insurance, life insurance, cancer insurance, critical life/illness insurance, accident insurance, and hospital confinement insurance), the insurance companies that provided the coverage that you offered, and the broker(s) or agent(s) who sold you the insurance coverage that you offered.

2.      All wellness plan(s) that Walsh Engineering offered to its employees in calendar years 2016-2019.

3.      Walsh Engineering's communications and negotiations with GH Wellness regarding the wellness plan or plans that Walsh Engineering offered to its employees in calendar years 2016-2019.

- 2 -

4.      Walsh Engineering's communications and negotiations with Wellth Administrators regarding the wellness plan or plans that Walsh Engineering offered to its employees in calendar years 2016-2019.

5.      Walsh Engineering's contract, if any, with GH Wellness.

6.      Walsh Engineering's relationship with GH Wellness.

7.      Walsh Engineering's contract, if any, with Wellth Administrators.

8.      Walsh Engineering's relationship with Wellth Administrators.

9.      Walsh Engineering's relationship with Amerind Benefits.

10.     Walsh Engineering's relationship with Aflac.

11.     Your communications with David McLeod and Treva Martinez.

12.     Your communications with Colonial Life and Accident Insurance Company.

13.     The Internal Revenue Service audit of Walsh Engineering.

14.     The damages Walsh Engineering seeks pursuant to this lawsuit.

Dated: April 7, 2021

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s/ Nicole G. True*
    Nicole G. True, Bar No. 152093
    NTrue@lrrc.com
    Stephen M. Bressler, AZ Bar No. 009032
    SBressler@lewisroca.com

201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602.262.5311
Facsimile:    602.262.5747

Attorneys for Defendants

114013165.1

## CERTIFICATE OF SERVICE BY ATTORNEY

I hereby certify that a copy of the foregoing was served via email to the following recipient this 7th day of April, 2021:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*

Alvin Garcia
alvin@agarcialaw.com
Law Office of Alvin R. Garcia
3620 Wyoming Blvd NE
Albuquerque, NM  87111
*Attorneys for David McLeod*


*/s/ Nicole G. True*
Nicole G. True

114013165.1

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
     **Plaintiff,**

**v.**          **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
     **Defendants.**
_____

### <u>CERTIFICATE OF SERVICE</u>

   The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's Answers to Third Set of Requests for Admissions and Request for

Production from Colonial Life & Accident Insurance Company, by email to NTrue@lrrc.com,

SBressler@lrrc.com and MDenman@lrrc.com, on the 15th day of April, 2021.

        Respectfully Submitted,


        /s/ Karl H. Roepke, attorney at law
        Roepke Law Firm, llc
        Karl H. Roepke
        2501 San Pedro N.E. Ste. 205
        Albuquerque, N.M. 87110
        (505) 323-0515
        khr@roepkelaw.com

I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093
NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004

Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 15th day of April, 2021

/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                **Plaintiff,**

**v.**                                 **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                **Defendants.**
_____

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's Second Supplemental Responses to Defendant's First Set of Interrogatories

and First Request for Production from Colonial Life & Accident Insurance Company, by email

to NTrue@lrrc.com, SBressler@lrrc.com and MDenman@lrrc.com, on the 16th day of April,

2021.

                                    Respectfully Submitted,


                                    <u>/s/ Karl H. Roepke, attorney at law</u>
                                    Roepke Law Firm, llc
                                    Karl H. Roepke
                                    2501 San Pedro N.E. Ste. 205
                                    Albuquerque, N.M. 87110
                                    (505) 323-0515
                                    khr@roepkelaw.com


I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093

NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004
Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 19th day of April, 2021

<u>/s/ Karl H. Roepke, attorney at law</u>
Karl H. Roepke

**STATE OF NEW MEXICO**
**COUNTY OF SAN JUAN**
**ELEVENTH JUDICIAL DISTRICT COURT**

**WALSH ENGINEERING**
**AND PRODUCTION CORPORATION,**
                                    **Plaintiff,**

**v.**                                              **No:  D-1116-CV-2020-00826**

**COLONIAL LIFE & ACCIDENT**
**INSURANCE COMPANY, DAVID MCLEOD,**
**TREVA (DIANE) MARTINEZ, AND**
**GH WELLNESS, LLC,**
                                    **Defendants.**
_____

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Roepke Law Firm, llc (Karl H. Roepke), hereby certifies that he served

Walsh Engineering's Answers and Responses to Defendant's Fourth Set of Interrogatories and

Request for Production from Colonial Life & Accident Insurance Company, by email to

NTrue@lrrc.com, SBressler@lrrc.com and MDenman@lrrc.com, on the 19th day of April, 2021.

Respectfully Submitted,


/s/ Karl H. Roepke, attorney at law
Roepke Law Firm, llc
Karl H. Roepke
2501 San Pedro N.E. Ste. 205
Albuquerque, N.M. 87110
(505) 323-0515
khr@roepkelaw.com

I certify that a copy of the
foregoing was emailed to:

LEWIS ROCA ROTHGERBER CHRISTIE LLP
By: /s/ Nicole G. True
Nicole G. True, Bar No. 152093
NTrue@lrrc.com
201 East Washington Street, Suite 1200 Phoenix, AZ 85004

Telephone: 602.262.5311
Facsimile: 602.262.5747
Attorneys for Defendant Colonial Life & Accident Insurance Company
Copy on emails:
Stephen Bressler-602-262-5311
Michell Denman
SBressler@lrrc.com
MDenman@lrrc.com

Alvin R. Garcia
Law Office of Alvin R. Garcia, LLC
3620 Wyoming Blvd NE Ste 205
Albuquerque, NM 87111
505-242-8888
Alvin@agarcialaw.com

on the 20th day of April, 2021

/s/ Karl H. Roepke, attorney at law
Karl H. Roepke

2

FILED
11th JUDICIAL DISTRICT COURT
San Juan County
6/8/2021 6:02 PM
WELDON J. NEFF
CLERK OF THE COURT
Diane Montano

STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT

WALSH ENGINEERING AND
PRODUCTION CORPORATION,

          Plaintiff,

v.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, DAVID
MCLEOD, TREVA (DIANE) MARTINEZ,
AND GH WELLNESS, LLC,

          Defendants.

Case No. D-1116-CV-2020-00826

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date, a copy of Defendant's Fifth Set of Requests for Production of

Documents to Plaintiff were served via email upon Plaintiff Walsh Engineering and Production

Corporation.

Dated: June 8, 2021

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ Stephen M. Bressler
    Nicole G. True, Bar No. 152093
    NTrue@lewisroca.com
    Stephen M. Bressler, AZ Bar No. 009032
    SBressler@lewisroca.com

201 East Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone:   602.262.5311
Facsimile:   602.262.5747

Attorneys for Defendant Colonial Life

114209135.1

I certify that on June 8, 2021,
I filed the foregoing electronically through
the Odyssey File & Serve system, which caused
the following parties to be served by electronic
means, as per the Notice of Electronic Filing and
via email:

Karl H. Roepke
Roepke Law Firm, llc
2501 San Pedro NE Ste. 205
Albuquerque, NM  87110
*Attorneys for Plaintiff*

Alvin Garcia
alvin@agarcialaw.com
Law Office of Alvin R. Garcia
3620 Wyoming Blvd NE
Albuquerque, NM  87111
*Attorneys for David McLeod*

/s/ Stephen M. Bressler
Stephen M. Bressler

114209135.1